## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In Re:                                    )
                                          )
**Fred Lemmon Walters**                   )        **CASE NO. B-14-10962 C-7G**
**Gail Eileen Walters**                   )
                                          )
  **Debtors.**                            )
_____)

## APPLICATION TO COMPROMISE AND SETTLE CLAIM AGAINST DEBTORS

NOW COMES, Gerald S. Schafer, Trustee for the above named Debtors and respectfully represents to the Court as follows:

1.      The above-named Debtors filed a Voluntary Petition under Chapter 7 on August 20, 2014 in the United States Bankruptcy Court for the Middle District of North Carolina.

2.      Your Trustee was appointed Trustee in this case and has reviewed the documents filed when the Debtors filed their Chapter 7 Petition including the Debtors' Claim for Exemptions as well as their Schedules.

3.      It appears from an examination of the Debtors' Claim for Exemptions that there was equity in their home above their real estate exemption of approximately $38,665.48.

4.      The Debtors did not use all of their exemption for their real estate and preserved approximately $4,803.87 of their wild card exemption in which they applied $1,050.00 to the male Debtor's motor vehicle exemption in paragraph 3 for the 2000 Cadillac Escalade which would be applied to the net amount due after payment of the lien and the wife's vehicle exemption in paragraph 3 for the 2002 Mercedes Benz which valued at $6,025.00 which would be $2,525.00 leaving her a net exemption of her wild card of $2,270.87 which she could apply under paragraph 13 which she set forth at $6,712.07 value less the remaining wild card exemption which would leave approximately $4,432.20 that cannot be claimed under their exemptions by the female Debtor. The remaining equity in the male Debtor's above his exemption is $3,803.37 for a total unclaimed equity that is not covered by exemptions for both of the Debtors in the amount of $46,902.05.

5.      Attached hereto as Exhibit A is a proposed offer of settlement from the Debtors' attorney regarding the equity in the property in which the Debtors have agreed to make a lump sum payment of $30,000.00 to the Trustee in settlement of the Trustee's claim against the Debtors' equity exemptions.

6.      The Trustee believes that taking into consideration the prospective price and the liquidation costs regarding the personal property and including the real property that would be derived from the sale, the Trustee believes a settlement with the Debtors of a lump sum payment of $30,000.00 may be equal to or greater than that which may be obtained from the sale.

7.      The Trustee believes that the lump sum payment is a substantial discount but takes into consideration uncertainty of the liquidation of the motor vehicles and the cost and time to liquidate the house and that the Trustee believes that in the long term the Debtors' estate will be better off with a lump sum amount as indicated.

WHEREFORE, your applicant respectfully prays the Court that the Court authorize the Trustee to enter into a Settlement Agreement with the above-named Debtors in which the Debtors will pay to the Trustee the sum of $30,000.00 in settlement of this claim by the Trustee against the equity in the Debtors' assets.

This the 9th day of January, 2015.

/s/ Gerald S. Schafer

Gerald S. Schafer, Attorney at Law
N.C. State Bar No. 3873
220 Commerce Place
Greensboro, NC 27401
Tel.    (336) 273-9309
Fax    (336) 273-2700



4801 E. Independence Blvd.
Suite 1100
Charlotte, NC 28212
(704) 563-1224

628 Green Valley Rd.
Suite 304
Greensboro, NC 27408
(336) 856-1234

3447 Robinhood Rd.
Suite 202
Winston-Salem, NC 27106
(336) 245-4294

**DUNCAN LAW**
www.DuncanLawOnline.com

December 15, 2014

Gerald Schafer, Trustee
220 Commerce Place
Greensboro, NC 27401

RE: Fred and Gail Walters 14-10962

Mr. Schafer,

On behalf of Mr. and Mrs. Walters we would like to extend a final settlement offer of $30,000 to satisfy the nonexempt equity reflected in their Chapter 7 bankruptcy petition. We previously offered $27,000 and you countered with an offer of $36,000.

The Walters' residence requires significant repairs, and they have received several quotes totaling $11,830 to bring the property up to what could be considered "good" condition. We believe a significant portion of their nonexempt equity would be offset by these needed repair costs and the closing costs that would be associated with liquidating the property if we could not reach a suitable agreement.

There is also nonexempt equity in the debtors' vehicles. However, if the debtors' cars are liquidated, the fees associated with towing, storage and title transfers will significantly decrease the amount that would be dispersed between your office and the creditors.

The debtors have arranged to borrow $30,000 from family members and friends to cover the cost of this settlement. After many discussions with the debtors, it has become clear that this is the maximum amount the debtors can offer to settle with the trustee, so a higher settlement is not possible for them.

We believe the $30,000 lump sum settlement the debtors are offering will be more beneficial to your office and the creditors than liquidating their property. The costs associated with selling their assets would result in your office receiving less money than the amount of the settlement the debtors are willing and able to pay. Please let us know if you need any further information and we will be happy to provide it to you.

All the Best,

Damon Duncan
Attorney at Law

IN RE:                              )
                                    )
Fred Lemmon Walters                 )        CASE NO. B-14-10962
Gail Eileen Walters,                )
                                    )
                    Debtors.        )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that I am an Attorney at Law licensed to practice in the State of North Carolina, and I am a person of such age and discretion to be competent to serve process.

That I served a copy of the **APPLICATION TO COMPROMISE AND SETTLE CLAIMS AGAINST DEBTORS,** by placing a copy thereof in a postpaid envelope addressed for delivery to:

| | |
|---|---|
| Damon Duncan, Esquire<br>Duncan Law<br>628 Green Valley Rd., Suite 304<br>Greensboro, NC 27408<br>*Attorney for Debtors* | William P. Miller, Esq.<br>Bankruptcy Administrator<br>U.S. Bankruptcy Court<br>PO Box 1828<br>Greensboro, NC 27402 |

and by depositing same and its contents in an official depository under the exclusive care and custody of the United States Postal Service at Greensboro, North Carolina, on the _9th_ day of January, 2015.

/s/ *Gerald S. Schafer*
Gerald S. Schafer, Trustee
N.C. State Bar No. 3873
220 Commerce Place
Greensboro, NC 27401
Tel.    (336) 273-9309
Fax    (336) 273-2700